**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000635
31-MAY-2024
03:31 PM
Dkt. 48 SO**

NO. CAAP-19-0000635

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CLIFTON SAU TSUN YOUNG, Plaintiff-Appellee,
v.
JEAN CHEN CHUN LIN; KENNY LIN, Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10, AND DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0504)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)


This appeal concerns whether summary judgment was properly granted on Plaintiff-Appellee Clifton Sau Tsun Young's (**Plaintiff**) claim that a transfer of a condominium was fraudulent. Defendants-Appellants Jean Chen Chun Lin (**Jean Lin**)

and Kenny Lin[1] (collectively, the **Lins**) appeal from the (1) November 20, 2018 "Order Granting [Plaintiff]'s Motion for Partial Summary Judgment on Count I of Complaint Against [the Lins], Filed on August 10, 2018" (**Order Granting MSJ**); (2) August 14, 2019 "Order Granting in Part and Denying in Part [Plaintiff]'s Motion to Dismiss Counts II to IV and Enter Final Judgment Filed on June 12, 2019" (**Dismissal Order**);[2] and (3) August 14, 2019 Final Judgment, all filed and entered by the Circuit Court of the First Circuit (**Circuit Court**).[3]

On appeal, the Lins raise four points of error (**POEs**) as follows:

> 1) the trial judge errored [sic] to find defendants committed fraud through a summary judgment motion in violation of their constitutional right because the trial judge was not the finder of fact in this case when the jury trial was demanded.
>
> 2) the trial judge errored [sic] in failure [sic] to apply the proper evidential [sic] standards ("most favor [sic] to non-movant") for summary judgment motion where the contradictory arguments were presented on the same evidence, in failure [sic] to honor the evidential [sic] admissibility rule, and in failure to apply [sic] "clear and convincing" standard.
>
> 3) the trial judge further errored [sic] on the evidential [sic] ruling on the authentication of the ESI exhibit which was a [sic] self-authenticated evidence [sic] under Rule 902(7) and it should not be treated as a hearsay statement.
>
> 4) Final Judgment should have not been entered if [sic] the trial court properly reviewed the 11/20/2018 Order and the other issues presented in the proceedings.

_____

[1]     Kenny Lin is the ex-husband of Jean Lin.

[2]     The Lins' Opening Brief contains no point or argument pertaining to the Dismissal Order, and any challenge is waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

[3]     The Honorable Keith K. Hiraoka presided over the October 10, 2018 hearing on Plaintiff's Motion for Partial Summary Judgment (**MSJ**) and filed the November 20, 2018 Order Granting MSJ.  The Honorable James S. Kawashima entered the August 14, 2019 Final Judgment.

For each POE, the Lins provide a one-sentence statement of the alleged error, and do not cite to "where in the record the alleged error occurred" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court" as required by HRAP Rule 28(b)(4)(ii) and (iii).  Although we "are not obligated to search the record to crystallize the Lins' arguments," Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 469 n.16, 164 P.3d 696, 727 n.16 (2007) (citation omitted), and noncompliance with HRAP Rule 28(b) can alone be sufficient to affirm the Circuit Court's judgment, Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 228, 909 P.2d 553, 556 (1995) (citation omitted), we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).  While the Opening Brief is difficult to follow, we address the merits if "the remaining sections of the brief provide the necessary information to identify the party's argument[,]" id., and "discernible argument in support" of the party's contention is presented.  In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007).

On April 2, 2018, Plaintiff filed a Complaint against the Lins alleging, inter alia, Fraudulent Transfer under Hawaii Revised Statutes (**HRS**) Chapter 651C.[4]  Plaintiff filed a "Demand for Jury Trial."

On August 10, 2018, Plaintiff filed an MSJ requesting to set aside Jean Lin's transfer of the Property for fraudulent

---

[4]     Counts 2 through 4 were dismissed in the August 14, 2019 Dismissal Order.

transfer under HRS § 651C-5(a).[5]  The following background comes from the attached exhibits to Plaintiff's MSJ.  On January 20, 2012, Plaintiff loaned $36,000 to Jean Lin's daughter, Betty Lin, for the benefit of Jean Lin.  On May 25, 2016, Jean Lin transferred a condominium apartment located in the Seaside Towers Condominium Project in Honolulu, Hawai'i (**Property**) to Kenny Lin pursuant to a Purchase Agreement dated March 1, 2016, under which Kenny Lin would pay "$232,918.01" to pay off Jean Lin's reverse mortgage on the Property and grant Jean Lin a ten-year tenancy for a room at the Property.[6]  On April 28, 2017,

---

[5]    HRS § 651C-5(a) (2016), entitled "Transfers fraudulent as to present creditors," states:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

Thus, the elements of fraudulent transfer under this section are: (1) the creditor's claim arose before the transfer; (2) no reasonably equivalent value was received in exchange for the transfer; and (3) the debtor was or becomes insolvent as a result of the transfer.  See id. HRS § 651C-7(a)(1) (2016) provides that a creditor may obtain avoidance of the transfer as a remedy for fraudulent transfer, which is the relief Plaintiff sought in the MSJ.

[6]    Plaintiff's MSJ attached the March 1, 2016 Purchase Agreement, which contained the following "conditions and stipulations":

> 1] The unit presently has [sic] loan from CELINK REVERSE MORTGAGE of $232,918.01 [sic] Kenny Lin agreed to paid [sic] off in full amounts immediately upon agreement has [sic] signed, in order to release [sic] lien. . . .

> 2] [Jean Lin] shall move all furniture's [sic] personal belongings within 60 days from this date.  All existing bill [sic] paid in clear and ready to transfer without delay for [Kenny Lin] to renovate the unit.

> 3] . . . [Kenny Lin] will grant special consideration to provide a room for [Jean Lin] as a single individual living space for [sic] period of Ten[10] years [(**ten-year tenancy**)], this date set on the completion of renovation.

Plaintiff filed a breach of contract claim for repayment of the 2012 loan to Jean Lin's daughter Betty Lin in the District Court of the First Circuit, Civil No. 1RC171003046, and obtained a September 11, 2017 Judgment against Jean Lin for $36,190.00 (**District Court Judgment**).

Plaintiff's MSJ argued that all elements in HRS § 651C-5(a) were met because the "claim from 2012 against [] Jean Lin arose before her 2016 transfer"; Jean Lin "became insolvent as a result of the transfer"; and the Property "was not transferred for reasonably equivalent value." Plaintiff argued that Jean Lin only received $232,918.01 for the transfer of the Property to pay off her reverse mortgage; that the transfer "prevented [Plaintiff] from collecting" on his $36,000 loan; and that the amount received for the transfer was "not reasonably equivalent to the $350,000 [appraised] value" of the Property. Plaintiff attached pertinent exhibits and declarations to the MSJ supporting these arguments.

The Lins' October 1, 2018 opposition argued that the transfer of the Property occurred before the 2017 District Court Judgment; the transfer of the Property was made for "$232,918.01" and a "10-year conditional tenancy"; Jean Lin "believed that she was never in debt to Plaintiff prior to the 2017 [Judgment]"; Jean Lin "was not insolvent after she transferred the [P]roperty"; and Jean Lin is in "a better

---

As a new resident in #901 Jean . . . Lin, shall [sic] responsible [sic] monthly Unit Maintenance Fee, Cable TV, all Utilities due to Seaside Tower Owner's Association [(**maintenance fees and utilities obligation**)].

4] Kenny Lin, reserves exclusive right and power to terminate article stipulation [3] to cancel [Jean Lin's] special offer as a residence [sic] in unit 901, in [sic] she has violate [sic] association rules, or not complied with this agreement. In this case Kenny Lin will issue 6 months written notice to terminate her residency.

financial condition" because "she got out of the reverse mortgage trap." (Bolding omitted). Attached to the opposition were various exhibits.

At the October 10, 2018 MSJ hearing, the Circuit Court indicated it could "not consider any of the exhibits" attached to the Lins' opposition, because they were "not properly authenticated by a witness with personal knowledge" and "no foundation" was laid. The Circuit Court also noted there were no declarations by the Lins attached to the opposition, and granted Plaintiff's MSJ.

On November 15, 2018, the Lins filed a motion for reconsideration, which the Circuit Court denied.

On November 20, 2018, the Order Granting MSJ was filed. Following the entry of the August 14, 2019 Final Judgment, the Lins timely appealed.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (cleaned up). A court "must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion." Id. at 56, 292 P.3d at 1286 (citation omitted).

**POEs 1 and 2:** The Lins' first contention appears to be that the Circuit Court could not be the factfinder and determine whether the value at issue was "reasonably equivalent," and thus, the granting of summary judgment violated the Lins' constitutional right to a jury trial. The Lins'

6

second contention appears to be that the Circuit Court failed to apply the proper evidentiary summary judgment standard of viewing the evidence in the light most favorable to the non-movant where "contradictory arguments were presented on the same evidence," and by "fail[ing] to apply [the] 'clear and convincing' standard" of proof. The Lins argue that "summary judgment should have been denied" due to, inter alia, "the contradictory interpretations in opposing parties' arguments [that] were based on the same evidence[.]" The Lins specifically claim that Jean Lin received "reasonably equivalent" value for the Property, where the Purchase Agreement conferred additional "value" beyond the $232,918.01 that Jean Lin received due to the "10 years of tenancy (the 10 years' rental value)."

Plaintiff, relying on In re Chu, No. 12-00986, 2014 WL 2547718 (Bankr. D. Haw. June 5, 2014),[7] responds that Jean Lin "did not receive reasonably equivalent value" from Kenny Lin, as there was a "value discrepancy of $117,081.99." Plaintiff argues that "the right for [Jean Lin] to stay in the [P]roperty for 10 years . . . [wa]s offset by her obligation to pay the monthly unit maintenance fee, cable TV, and all utilities to the Owners Association at the peril of having her right canceled for any violation."

The Hawaiʻi Supreme Court has held that the higher "clear and convincing" standard of proof applies in fraudulent transfer cases, which consists of the "degree of proof which

---

[7]     In Chu, the Bankruptcy Court granted the plaintiff's motion for summary judgment for fraudulent transfer based on a value discrepancy of $305,000.00, which the court held was "too great to meet the test of reasonable equivalence." 2014 WL 2547718, at *3. Chu is distinguishable from this case where the value discrepancy is less, and as explained infra, the values of the ten-year tenancy and the maintenance fees and utilities obligation are not known.

will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Kekona v. Abastillas, 113 Hawai'i 174, 181, 150 P.3d 823, 830 (2006) (brackets omitted).  In determining whether "reasonably equivalent value" was received for purposes of a fraudulent transfer claim, "[a] court must first determine whether the debtor received value, and then examine whether the value is reasonably equivalent to what the debtor gave up."  In re Knippen, 355 B.R. 710, 726 (N.D. Ill. Dec. 12, 2006) (citation omitted).[8]  "Whether 'reasonably equivalent value' has been given is a question of fact that depends on the circumstances surrounding the transaction."  Id. (citation omitted).  The Hawai'i Supreme Court has held that:  "reasonableness can only constitute a question of law suitable for summary judgment when the facts are undisputed and not fairly susceptible of divergent inferences, because, where, upon all the evidence, but one inference may reasonably be drawn, there is no issue for the jury."  Adams v. Haw. Med. Serv. Ass'n, 145 Hawai'i 250, 256, 450 P.3d 780, 786 (2019) (citation omitted).

Here, viewing the evidence of the Purchase Agreement and the inferences drawn therefrom "in the light most favorable" to the Lins, see Ralston, 129 Hawai'i at 56, 292 P.3d at 1286, there is a genuine issue of material fact as to whether Jean Lin received "reasonably equivalent value" for the transfer of the Property.  See HRS § 651C-5(a).  It is unclear what "value," if

---

[8]    Knippen construed 11 U.S.C. § 548(a)(1)(B) as "analogous" to Section 5 of the Uniform Fraudulent Transfer Act (**UFTA**).  355 B.R. at 731. HRS Chapter 651C was modeled after the UFTA of 1984, and HRS § 651C-5(a) is identical to Section 5 of the UFTA.  See Shigezo Haw., Inc. v. Soy to the World Inc., No. CAAP-14-0000920, 2016 WL 4542016, at *3 n.8 (Haw. App. Aug. 31, 2016) (SDO).  We may thus look to cases that have construed the uniform provision.  See Schmidt v. HSC, Inc., 145 Hawai'i 351, 361, 452 P.3d 348, 358 (2019) (considering case law from Ohio, which has also adopted the Model UFTA, in determining when the statute of limitations begins to run under HRS § 651C-9(1)).

any, Jean Lin received for the ten-year tenancy in light of the maintenance fees and utilities obligation, beyond the $232,918.01 she received from Kenny Lin for the Property. Plaintiff argues that the ten-year tenancy had zero value in light of the maintenance fees and utilities obligation, but the record contains no proof "that the calculated value of the benefit [wa]s zero." See Chu, 2014 WL 2547718, at *3 (holding that where a plaintiff contends a transfer resulted in no value to the debtor, "'the plaintiff must ordinarily prove that the calculated value of the benefit is zero'"(citations omitted)). Nor does the record establish that whatever value Jean Lin received was "reasonably equivalent" to the value of the transferred Property, where "reasonableness" is generally an "issue for the jury" under Hawaiʻi law. See Adams, 145 Hawaiʻi at 256, 450 P.3d at 786 (citation omitted); Knippen, 355 B.R. at 726. In light of the above, and the higher clear and convincing standard of proof for fraudulent transfer claims, we conclude summary judgment was erroneously granted. See Ralston, 129 Hawaiʻi at 55, 292 P.3d at 1285; Kekona, 113 Hawaiʻi at 181, 150 P.3d at 830.

In light of our disposition, we need not address the Lins' remaining POEs.

For the foregoing reasons, we vacate the (1) November 20, 2018 "Order Granting Plaintiff Clifton Sau Tsun Young's Motion for Partial Summary Judgment on Count I of Complaint Against Defendants Jean Chen Chun Lin and Kenny Lin, Filed on August 10, 2018," (2) August 14, 2019 Final Judgment, both filed and entered by the Circuit Court of the First Circuit; and we remand for further proceedings consistent with this order. The August 14, 2019 "Order Granting in Part and Denying in Part Plaintiff Clifton Sau Tsun Young's Motion to Dismiss Counts II

9

to IV and Enter Final Judgment Filed on June 12, 2019" is affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2024.

On the briefs:

Wen Sheng Gao,
for Defendants-Appellants.

Dennis W. King,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge